*NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ZUMAR H. DUBOSE,<br><br>  Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>  Defendants. | Civ. No. 24-3784 (RMB-SAK)<br><br>**MEMORANDUM OPINION** |

**IT APPEARING THAT:**

1. On or about March 18, 2024, Plaintiff Zumar H. Dubose, a pretrial detainee confined in the Federal Detention Center in Philadelphia, Pennsylvania, filed a *pro se* civil rights complaint under 28 U.S.C. § 1331. (Dkt. No. 1.)

2. Plaintiff filed an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). (Dkt. No. 1-4.) Plaintiff's IFP application establishes his financial eligibility to proceed without prepayment of the $350 filing fee and will be granted.

3. Because Plaintiff is granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

4. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

5. The defendants to the complaint are the State of New Jersey and the New Jersey Attorney General.

6. First, Plaintiff alleges the Camden County Superior Court in New Jersey lacked jurisdiction over him in a civil action. For relief, he seeks to bar enforcement of a final judgment against him. Plaintiff fails to state a federal cause of action for this claim.

7. Second, Plaintiff alleges Defendants have falsely imprisoned him and violated his right to a speedy trial in two ongoing criminal prosecutions. The Court also construes Plaintiff to allege a claim of malicious prosecution. Plaintiff did not identify the type of relief sought, and this Court construes the complaint as arising under 42 U.S.C. § 1983 for money damages.

8. The State of New Jersey is immune from suit for money damages under 42 U.S.C. § 1983, and has not waived its sovereign immunity under the Eleventh Amendment. *Mierzwa v. United States*, 282 F. App'x 973, 976 (3d Cir. 2008). Therefore, the claim[s] against the State of New Jersey will be dismissed with prejudice.

9. Plaintiff has not alleged the personal involvement of the Attorney General of New Jersey in the alleged constitutional violations in Plaintiff's ongoing state criminal cases. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal,* 556 U.S. at 676. Moreover, assuming Plaintiff is attempting to hold the Attorney General of New Jersey liable for the actions of the prosecutors in his criminal cases, prosecutors are immune in a civil suit for money damages "for initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Therefore, the Court will dismiss Plaintiff's claims against the New Jersey Attorney General without prejudice.

10. If Plaintiff is seeking release from pretrial detention while his state criminal prosecutions are ongoing, he must file a habeas petition under 28 U.S.C. § 2241, but Plaintiff should be advised that pretrial petitions for writ of habeas corpus under 28 U.S.C. § 2241 are granted only in extraordinary circumstances, and allegations of false imprisonment, malicious prosecution and deprivation of speedy trial rights are typically not extraordinary circumstances because State courts should have the first opportunity to address these claims. *Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir.

1975); *see e.g., Duran v. Thomas*, 393 F. App'x 3, 5 (3d Cir. 2010); *Garrett v. Murphy*, No. 21-2810, 2022 WL 313799, at *1 (3d Cir. Feb. 2, 2022).

11.  For the reasons discussed above, the Court will grant Plaintiff's IFP application and dismiss the complaint based on immunity of the defendants and failure to state a claim for relief.

An appropriate order follows.

Dated: **September 23, 2024**

                                     Renée Marie Bumb
                                     RENÉE MARIE BUMB
                                     Chief United States District Judge